<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHRISTIAN CAPACCIONE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CAMDEN COUNTY DEPARTMENT : <br> OF CORRECTIONS, : <br> : <br> Defendant. : | Case No. 25-11839 (BRM)(JRA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Christian Capaccione's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1). Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and the Clerk of the Court shall file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is **DISMISSED** in its entirety.

**I.   BACKGROUND**

For the purpose of this Opinion, the Court construes the allegations in the Complaint as true. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is a pretrial detainee confined at Camden County Correctional Facility ("CCCF"). (*See generally* ECF No. 1.)

Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against Camden County Department of Corrections. (*See id.*)

In the Complaint, Plaintiff alleges a fellow inmate sprayed him with "chemicals" and in return he threw water at the inmate. (ECF No. 1 at 5.) Plaintiff claims this encounter was outside of the view of the cameras, so a "sergeant charged [him]" while Plaintiff was in the hospital. (*Id.*) Upon his return from the hospital, two sergeants came to his cell and confiscated some of his property. (*Id.*) Plaintiff was taken by guards to the "suicide naked unit," which is only for "inmates who see mental health first." (*Id.*) Plaintiff alleges he was not seen by mental health before the move to the suicide unit. (*Id.*) Plaintiff claims officers "ripped [his] clothes off" while he was "on [his] knees, forcing [his] face to smash the wall." (*Id.*) Plaintiff also alleges these officers broke his hand, and he was not provided with medical attention. (*Id.*)

Plaintiff seeks release from CCCF. (*Id.*)

**II.  LEGAL STANDARD**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DECISION

Plaintiff only names Camden County Department of Corrections as a defendant in the Complaint. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). In *Will v. Michigan*

*Department of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that "[n]either a state nor its officials acting in their official capacities are 'persons' under § 1983." Accordingly, the § 1983 claims against the Camden County Department of Corrections are dismissed because it is not a proper defendant under the statute. *See Will*, 491 U.S. at 68–70 (holding that governmental entitles considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983); *Crabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983).

As Plaintiff names Camden County Department of Corrections as the sole defendant, the Complaint is dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED without prejudice**. The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: December 1, 2025

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE
